IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS E. VELEZ AND DIANY A. VELEZ | § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 4:11-CV-03573 |
| WELLS FARGO BANK, N.A. | § § | |
| Defendant. | § § | |

## MEMORANDUM AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending is Defendant's Motion to Dismiss (Document No. 12). Having considered the motion, the absence of a response[1], Plaintiffs' claims and allegations, and the applicable law, the Court ORDERS[2], for the reasons set forth below, that Defendant's Motion to Dismiss is GRANTED.

### I. Background and Procedural History

Plaintiffs Carlos E. Velez and Diany A. Velez filed this suit in the 80th District Court of Harris County, Texas, Cause No. 2011-58995, seeking to prevent Defendant from evicting them from their home or selling the real property at 2011 Edendale, Katy, Texas 77450. The Plaintiffs alleged in their state court petition that they had fallen behind on their mortgage payments, requested a modification to their loan agreement under the Home Affordable Modification Program, and were told by Wachovia that

---

[1] Under the Local Rules of the District, Local Rule 7.3 and 7.4, a party's failure to file a response to a motion within the time allowed for (21 days) is construed as non-opposition to the motion.

[2] On February 23, 2012, pursuant to the parties' consent, this case was transferred by the District Judge to the undersigned Magistrate Judge for all further proceedings. *See* Document No. 10.

during the review process their loan would not be referred to foreclosure and a foreclosure sale would not take place during this period. The Plaintiffs further allege that after Wells Fargo purchased Wachovia Mortgage and during the loan modification process, they received Notice of Acceleration of Maturity and a Notice of Substitute Trustee's sale stating the Property would be sold at a foreclosure sale. *See* Plaintiff's Original Petition, attached to Defendant's Notice of Removal (Document No. 1). Plaintiffs allege four causes of action against Wells Fargo: (1) breach of contract; (2) negligence; (3) wrongful foreclosure; and (4) slander of title.

Defendant timely removed the case to this court on the basis of diversity jurisdiction. Defendant then filed a Motion to Dismiss, arguing that Plaintiffs have failed to state any claim for which relief may be granted. Plaintiffs have not filed a response to Defendant's Motion to Dismiss and have not sought leave to amend their pleading.

**II. Standard of Review**

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements

2

of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S.Ct. at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Id.*

## III. Discussion

Plaintiffs' live pleading is the original state court petition they filed in the 80th District Court of Harris County. In that petition Plaintiffs allege four claims: (1) breach of contract; (2) negligence; (3) wrongful foreclosure; and (4) slander of title. They seek damages and injunctive relief. The allegations in the petition in support of the Plaintiffs' claims are as follows:

> 7. On or about April 25, 2000, the Plaintiffs purchased the real property and the improvements thereon located at 2011 Edendale, Katy, Texas 77450 which is also known as Lot Three (3), in Block Three (3), of Oak Park Trails, Section One (1), an Addition in Harris County, Texas according to the map or plat thereof recorded under Film Code No. 360019 of the map records of Harris County, Texas (the "Property"). The Plaintiffs executed a Deed of Trust and two Promissory Notes

with World Savings Bank, FSB ("World Savings") for the principal sum of One Hundred Twenty-Eight Thousand Four Hundred Seven and 00/100 Dollars ($128,407.00) as well as the principal sum of Seventeen Thousand One Hundred Twenty-One and 00/100 Dollars ($17,121.00)

8.  Upon information and belief, the aforementioned Deed of Trust and Promissory Note were subsequently transferred from World Savings to Wachovia Mortgage ("Wachovia") and eventually to Defendant Wells Fargo Bank, N.A. ("Wells Fargo").

9.  The Plaintiffs began to have financial difficulties over time and, as a direct result, became delinquent in their mortgage payments to Wells Fargo.

10.  During the month of January 2010, the Plaintiffs contacted Wachovia requesting a modification to their loan agreement. Wachovia sent their reply to the Plaintiffs via letter dated January 28, 2010.

11.  During the course of the loan modification process, the Plaintiffs were informed by the representatives from Wachovia that they were not allowed to make any mortgage loan payments while they were in the loan modification process. Moreover, the Plaintiffs [were] further informed that they were to ignore any foreclosure notices that they received while they were in the loan modification process.

12.  The Plaintiffs received correspondence dated August 10, 2010 from Wachovia informing them that they were unable to offer a Home Affordable Modification to the Plaintiffs.

13.  The Plaintiffs received a Notice of Acceleration of Maturity dated October 01, 2010 from the Cal-Western Reconveyance Corporation.

14.  During the month of October 2010, the Plaintiffs contacted Wachovia again requesting a modification [to] their loan agreement. Wachovia sent their reply to the Plaintiffs via letter dated November 02, 2010.

15.  The Plaintiffs received correspondence dated December 15, 2010 from Wachovia informing them that they were unable to offer a Home Affordable Modification to the Plaintiffs because their current monthly housing expense is less than or equal to 31% of their gross monthly income.

16.  During the month of April 2011, the Plaintiffs received a Notice of Substitute Trustee's Sale dated April 05, 2011 stating that the property would be sold at a foreclosure sale on May 03, 2011.

17.  In response thereto, the Plaintiffs once again contacted Wachovia and requested a modification to their loan agreement under the Home Affordable

Modification Program ("HAMP"). Wachovia sent their reply to the Plaintiffs via letter dated April 21, 2011. Wachovia sent a follow-up reply to the Plaintiffs via letter dated April 27, 2011. The April 27, 2011 correspondence clearly states that "During the review process, your loan will not be referred to foreclosure. If the loan has been previously referred to foreclosure, we will continue the foreclosure process; however, a **foreclosure sale will not be held and you will not lose your home during this time period**."

18. Upon information and belief, Defendant Wells Fargo purchased Wachovia Mortgage during this time in which the loan modification process has been on-going. The Plaintiffs did not hear back from Wells Fargo Bank, N.A. fka Wachovia Mortgage until they received Notice of Acceleration of Maturity dated September 07, 2011. In addition, in direct contradiction to the April 27, 2011 correspondence, the Plaintiffs received a Notice of Substitute Trustee's Sale dated September 07, 2011 stating that the Property would be sold at a foreclosure sale on October 04, 2011.

19. The Plaintiffs did not receive written correspondence that their loan modification has been declined. Nevertheless, the Plaintiffs contacted Wells Fargo and were informed that they did not qualify for a loan modification because the fair market value of the Property compared to the principal balance owed on the loan did not comply with the net present value (NPV) requirements as calculated using a formula developed by the Department of Treasury. Based on the HAMP guidelines, the Plaintiffs have 30 days from the date of their loan modification decline letter [which they have not yet received] to provide Wells Fargo with written evidence that one or more of the NPV input values is inaccurate. If the Plaintiffs' evidence identifies material inaccuracies in the NPV input values, Wells Fargo will not conduct a foreclosure sale until the inaccuracies are reconciled. The Plaintiffs requested a copy of the NPV input data fields and values which were used to determine the NPV for their loan modification; however, the Plaintiffs have not yet received this information from Wells Fargo.

Plaintiffs' Original Petition, attached to Defendant's Notice of Removal (Document No. 1) as Exhibit 2. It is within the context of these allegations, and the additional allegations that follow each claim, that the Court is to consider whether the Plaintiffs have stated claims for which relief may be granted.

### A. Breach of Contract

In support of their breach of contract claim, the Plaintiffs allege that there was a valid and enforceable contract between them and Wells Fargo and the actions committed by Wells Fargo Bank, N.A. constitute a breach of contract.

In Texas, the elements for a breach of contract claim are "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith International, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007). In addition, a plaintiff must give the defendant fair notice of the claim being asserted and the grounds upon which the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. This requires a plaintiff to plead more than labels and conclusions and to provide more than a formulaic recitation of the elements of a cause of action to defeat a 12(b)(6) motion. *Id.* Here, the Plaintiffs only offer a formulaic recitation of the elements of a cause of action for breach of contract and the legal conclusion that Wells Fargo's actions constitute a breach of contract.

Furthermore, Texas has a "fair notice" standard for pleading. This standard looks to whether the opposing party can identify from the pleading "the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corporation v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A petition is sufficient if the pleader gives "fair and adequate notice of the facts upon which [he] bases his claim," allowing the opposing party to prepare a defense. *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982). In this instance, the general allegations set forth by the Plaintiffs in the "Relevant Facts" section of their Original Petition do not identify which provisions of the

loan documents Wells Fargo breached. The Plaintiffs do not give "fair and adequate" notice as to what facts support their breach of contract claim, such as what provision was breached by Wells Fargo, how Wells Fargo breached this provision, and the injuries suffered by them due to the breach.

Because the Plaintiffs have not met the pleading requirements set out in *Twombly*, or the Texas "fair notice" pleading standards, their breach of contract claim is subject to dismissal.

### B. Negligence

In support of their claim for negligence, the Plaintiffs allege that Wells Fargo's actions constitute negligence because Wells Fargo owed them a duty, Wells Fargo breached this duty, and the breach proximately caused the Plaintiffs injury.

In Texas, the elements of a negligence claim are: "'(1) a legal duty on the part of the defendant; (2) breach of that duty; and (3) damages proximately resulting from that breach.'" *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (citing *Sport Supply Group, Inc. v. Columbia Casualty Co.*, 355 F.3d 453, 466 (5th Cir. 2003). In addition, the plaintiff is required to satisfy the pleading requirements set forth above.

Here, the Plaintiffs provide only a recitation of the elements for a cause of action for negligence, along with the legal conclusion that Wells Fargo's actions constitute negligence. As explained above and in *Twombly*, the plaintiff must plead more than labels and conclusions and a formulaic recitation of the facts to defeat a 12(b)(6) motion. *Twombly*, 550 U.S. at 555. The Plaintiffs also fail to give "fair and adequate" notice as to what facts support their claim of negligence. *Roark,* 633 S.W.2d at 810. Wells Fargo

does not have the opportunity to prepare a defense because they were not put on notice as to what facts are the basis for the Plaintiffs' claim of negligence.

Furthermore, the Plaintiffs have not pleaded a duty that is independent of the contract between them and Wells Fargo. In Texas, the duty upon which the tort claim is based must be independent of the duty that arises from the contract between the parties. *Southwestern Bell Telephone Co. v. DeLanney*, 809 S.W.2d 493, 495 (Tex. 1991). The only duty that has been alleged in Plaintiff's Original Petition arises from the Deed of Trust and two Promissory Notes. Under Texas law, a court will look to the nature of the injury to determine whether a party has breached a legally imposed duty or a contractual duty. *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 617 (Tex. 1986). If the nature of the injury is only economic loss, which is the subject of the contract, the plaintiff will only have an action in contract. *Id.* In this case it appears that the nature of the injury is economic loss resulting from the loss of the Plaintiffs' home, which is the subject of the contract. The Plaintiffs do not have an actionable claim of negligence because their alleged damages arise from duties created by the Note and Deed of Trust.

Because the Plaintiffs have not met the pleading requirements set out in *Twombly*, because they have not pleaded a duty that is independent of the contract between them and Wells Fargo, and because the injury alleged is economic loss that is the subject of the contract, the Plaintiffs' negligence claim is subject to dismissal.

### C. Wrongful Foreclosure

In support of their claim for wrongful foreclosure, the Plaintiffs allege there is a defect in the foreclosure sale proceedings conducted by Wells Fargo, a grossly

inadequate selling price was paid for the Property by Wells Fargo at the foreclosure sale proceedings, and there is a causal connection between these two allegations.

"The purpose of a wrongful foreclosure action is to protect mortgagors against those sales where, through mistake, fraud, or unfairness, the sale results in an inequitably low price." *In re Keener*, 268 B.R. 912, 921 (Bankr. N.D. Tex. 2001). In Texas, to prevail on a claim of wrongful foreclosure a plaintiff must prove: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.) (*cited in Anderson v. Baxter, Schwartz & Shapiro, LLP*, No. 14-11-00021 CV, 2012 WL 50622, at *3 (Tex. App.—Houston [14th Dist.] Jan. 10, 2012, no pet. h.) (mem. op.); *Biggers v. BAC Home Loans Servicing, LP*, 767 F.Supp.2d 725, 729 (N.D. Tex. 2011)).

In addition, the plaintiff must plead more than labels and conclusions and a formulaic recitation of the elements to defeat a 12(b)(6) motion. *Twombly*, 550 U.S. at 555. Here, the Plaintiffs have not satisfied the pleading requirements set out in *Twombly*, as their Original Petition only provides a formulaic recitation of the elements for wrongful foreclosure. Furthermore, the Original Petition does not plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Plaintiffs have not provided facts to support that a foreclosure sale has taken place or that a grossly inadequate selling price was paid for the Property.

Following an alleged wrongful foreclosure sale the mortgagor may seek two alternative remedies. "The mortgagor may elect to: (1) set aside the void trustee's deed; or (2) recover damages in the amount of the value of the property less indebtedness."

*Diversified, Inc. v. Gibraltar Savings Association*, 762 S.W.2d 620, 623 (Tex. App.—Houston [14th Dist.] 1988, writ denied). Here, there is no trustee's deed to set aside because Wells Fargo has not foreclosed on the Property. Further, "where the mortgagor's possession is undisturbed, he has suffered no compensable damage." *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.). In this case, the Plaintiffs are still in possession of and living in their home; therefore, they cannot recover damages for a claim of wrongful foreclosure.

Because there have been no foreclosure sale proceedings, the Plaintiffs cannot satisfy the elements for a claim of wrongful foreclosure. The Plaintiffs have failed to properly allege a cause of action for wrongful foreclosure and this claim is subject to dismissal.

### D. Slander of Title

In support of their claim for slander of title, the Plaintiffs allege that Wells Fargo uttered and published a disparaging statement about the title to the Property, the statement was false and published with legal malice, and the publication caused special damages.

In Texas, "'[s]lander of title' is defined as a false and malicious statement made in disparagement of a person's title to property which causes special damages." *Elijah Ragira/VIP Lodging Group, Inc. v. VIP Lodging Group, Inc.*, 301 S.W.3d 747, 758 (Tex. App.—El Paso 2009, review denied). The elements of a slander of title claim include "the uttering and publishing of disparaging words that were false and malicious, that special damages were sustained, and that the injured party possessed an interest in the property disparaged." *Id.* at 759. "Further the complaining party must demonstrate the

loss of a specific sale." *Id.* In addition, a plaintiff must give the defendant fair notice of the claim being asserted and the grounds upon which the pleader is entitled to relief. *Twombly*, 550 U.S. at 555. This requires a plaintiff to plead more than labels and conclusions and to provide more than a formulaic recitation of the elements of a cause of action to defeat a 12(b)(6) motion. *Id.*

In this case, the Plaintiffs' pleading contains no allegations to support a slander of title claim against Wells Fargo. The Plaintiffs have not pleaded more than a formulaic recitation of the elements for a cause of action for slander of title. The Plaintiffs have not alleged that they were trying to sell the Property, or that there was a loss of a specific sale. *See Ellis v. Waldrop*, 656 S.W.2d 902, 905 (Tex. 1983) ("[Plaintiffs] were required to prove the loss of a specific sale or sales in order to recover on their slander of title action."). Because the Plaintiffs have failed to satisfy the *Twombly* requirements, their claim for slander of title is subject to dismissal.

## IV. Conclusion and Order

Based on the foregoing, the determination that Plaintiffs' pleading does not contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," and the fact that Plaintiffs, who are represented by counsel, did not file a response to Defendant's Motion to Dismiss, or seek leave to amend their pleadings, it is

ORDERED that Defendant's Motion to Dismiss for Failure to State a Claim is GRANTED and Plaintiffs' claims are DISMISSED with prejudice.

Signed at Houston, Texas, this 27th day of June, 2012.


Frances H. Stacy
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CARLOS E. VELEZ AND DIANY A. VELEZ | § | |
| | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 4:11-CV-03573 |
| | § | |
| WELLS FARGO BANK, N.A. | § | |
| | § | |
|     Defendant. | § | |
| | § | |

## **<u>FINAL JUDGMENT</u>**

Based on the Memorandum and Order entered this day granting Defendant's

Motion to Dismiss for Failure to State a Claim, it is

ORDERED and ADJUDGED that Plaintiffs take nothing on the claim(s) set forth

by them against Defendant, and such claims are DISMISSED.

This is a FINAL JUDGMENT.

Signed at Houston, Texas this_____day of June, 2012.


_____
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE